EPHRAIM S. WOOD *versus* DAVID R. HOLDEN.

Where the parties to a suit entered into a statute submission of the cause of action (which was trespass) set forth in the writ, which was annexed to the submission, the declaration in the writ will be deemed a sufficient specification of the claim submitted, to answer the requirement of the statute.

If the name of the plaintiff's attorney appear on the back of the writ, it will be considered a sufficient signing of the claim. required by the statute, although the words "from the office of" precede the attorney's name.

THE plaintiff, on Jan. 28, 1857, instituted against the defendant an action of trespass *quare clausum*. But, before the return day named in the writ, the parties entered into a submission before a justice of the peace, in which the cause of action set forth in the writ, (which was annexed to the submission,) was referred to the determination of persons therein named. Before the submission was entered into, the writ had been served on defendant. On the back of the writ were the words, "from the office of Virgin & Dunnell."

Wood *v.* Holden.

At the August term, 1857, the report of the referees was offered, and the defendant opposed the acceptance of it, and filed his objections, which were overruled by CUTTING, J., and the report of the referees accepted. The defendant excepted, " because the demand submitted and annexed to the agreement of arbitration is not signed by the party making it."

*Gerry,* in support of the exceptions, contended :—

That the report of the referees should have been rejected, because a specific demand only was submitted, which was not annexed to the agreement, and signed by the plaintiff, who made the demand. R. S., c. 108, § 2 ; *Woodsum* v. *Sawyer,* 9 Maine, 15 ; *Harmon* v. *Jennings,* 22 Maine, 240 ; *Pierce* v. *Pierce,* 30 Maine, 113 ; *Bullard* v. *Coolidge,* 3 Mass. 324 ; *Mansfield* v. *Doughty,* 3 Mass. 397.

*Virgin, contra.*

The opinion of the Court was drawn up by

TENNEY, C. J.— The parties, in legal form, " agreed to submit the demand with the cause of action set forth in the writ, hereto annexed, to," &c. The action is trespass, and the writ makes a part of the case. The claim is shown clearly by the declaration in the writ, and the words upon the back thereof, " from the office of Virgin & Dunnell," is a sufficient signing of the claim in behalf of the plaintiff. R. S. of 1841, c. 138, § § 2 and 4.                    *Exceptions overruled.*

HATHAWAY, CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.